STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
Cumberland, SS. Clerk's Office

MAR 2 3 2017

RECEIVED

UNIFIED CRIMINAL DOCKET
PORTLAND
Docket No. CR-16-5565

STATE OF MAINE

v.

STEVEN ROBERTS

Defendant

)
)
)
)
)
)
)
)
)
)

ORDER ON DEFENDANT'S SECOND
MOTION TO SUPPRESS STATEMENTS
AND MOTION IN LIMINE FOLLOWING
EVIDENTIARY HEARING

By Order dated March 2, 2017, the court granted Defendant's Motion for Reconsideration and agreed to set this matter for an evidentiary hearing on Defendant's pending suppression and *in limine* motions. On March 16, 2017, the court heard oral argument from Assistant District Attorney Carlos Diaz, representing the State, and from Attorney Lawrence Winger, representing Defendant, and heard testimony from paramedic Christopher Desjardins, from Deputy Stephen Welsh, and from Defendant. Defendant filed a Post-Hearing Memorandum on March 17, 2017.

With respect to Defendant's *Miranda*-based challenge, the State must prove the admissibility of Defendant's statements by a preponderance of the evidence. *State v. King*, 2016 ME 54, ¶ 16. Assuming that the scope of the constitutional protections encompassed within the *Miranda* rule even apply to statements made to EMTs, Defendant concedes, as he must, that *Miranda* is not triggered unless Defendant was "in custody" at the time.

The well-established factors for determining whether a defendant was "in custody" are set forth in *State v. King*:

1) the locale where the defendant made the statements;
2) the party who initiated the contact;
3) the existence or non-existence of probable cause to arrest (to the extent communicated to the defendant);
4) subjective views, beliefs, or intent that the police manifested to the defendant to the extent they would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave;
5) subjective views or beliefs that the defendant manifested to the police, to the extent the officer's response would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave;

6) the focus of the investigation (as a reasonable person in the defendant's position would perceive it);
7) whether the suspect was questioned in familiar surroundings;
8) the number of law enforcement officers present;
9) the degree of physical restraint placed upon the suspect; and
10) the duration and character of the duration.

*State v. King*, 2016 ME 54, ¶ 17 (citing *State v. Dion*, 2007 ME 87, ¶ 23).

Application of these factors to the testimony adduced at hearing yields the following: Defendant spoke to the EMTs while in the driveway of his home. Although the contact was not initiated by Defendant, he was not told that he was under arrest, nor was there any discussion about probable cause or any other law enforcement-related issues. The deputy present at the scene was assisting the paramedic. Defendant testified that both the deputy and the paramedic told him he should go to the hospital, he "felt like he had a choice, but the officer was right, he needed to go." Only Deputy Welsh and paramedic Desjardins were on the scene until Defendant was brought to the ambulance, which is approximately when Sargeant David Hall arrived. Although Attorney Winger argued that the facial pressure used by paramedic Desjardins to stanch Defendant's facial bleeding amounted to "physical restraint", the court finds that Defendant was not in fact physically restrained. The entire encounter lasted 25-30 minutes.

Assuming that "in custody" analysis even applies to statements made to an EMT, the court finds that the evidence adduced at hearing shows that Defendant was not "in custody" at the time he made the statements Defendant seeks to suppress. Because Defendant was not "in custody", *Miranda* warnings were not required. The fact that at the hearing on Defendant's motions the State did not call paramedic Holmquist does not entitle Defendant, as he argues, to suppression of statements made to paramedic Holmquist because the court's finding that Defendant was not "in custody" encompasses the statements made to both paramedics.

With respect to Defendant's "lack of voluntariness" argument, the State bears the burden of proving voluntariness beyond a reasonable doubt, and "[i]n order to find a statement voluntary, it must first be established that it is the result of defendant's exercise of his own free will and rational intellect." *State v. Dion*, 2007 ME 87, ¶ 33. Attorney Winger argues that Defendant's physical state ("he was in shock, he was concussed, he had a broken nose and facial lacerations") rendered his statements involuntary as a matter of law. The court finds, first, that whether Defendant "was in shock" and/or "concussed" was not established by the evidence

2

adduced at trial. Moreover, whether or not Defendant was "in shock" and "concussed", the undisputed evidence establishes that at the time he made the statements he was conscious, oriented, and alert. Based on the evidence, the court finds that the State has proven the voluntariness of Defendant's statements beyond a reasonable doubt.

With respect to Defendant's motion *in limine*, Defendant argues that paramedics should be encompassed within the privilege set forth in Rule 503 of the Maine Rules of Evidence even though the Rule, by its express terms, is limited to communications with "health care professionals" (defined as licensed physicians, licensed physician's assistants, and licensed nurse practitioners), mental health professionals, and licensed counseling professionals. *See* M.R. Evid. 503(a) & (b). Finding that due process does not entitle Defendant to an extension of the privilege set forth in Rule 503, the court declines to extend the privilege to include communications made to paramedics.

Having considered counsel's oral and written argument and the evidence adduced at hearing, it is hereby ORDERED that Defendant's Second Motion to Suppress Statements and Motion in Limine is DENIED in its entirety.

DATED: _22 MAR 17_

_____
Jed J. French
Judge, Unified Criminal Docket

3

STATE OF MAINE
vs
STEVEN E ROBERTS
35 JOHNSON RD
GRAY ME 04039

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No    CUMCD-CR-2016-05565

**DOCKET RECORD**

DOB: 05/05/1964
Attorney:    LAWRENCE WINGER                          State's Attorney:    STEPHANIE ANDERSON
LAW OFFICE OF LAWRENCE C WINGER
75 PEARL STREET, SUITE 460
PORTLAND ME 04101
PARTIALLY INDIGENT 09/14/2016

Filing Document:    CRIMINAL COMPLAINT              Major Case Type:    MISDEMEANOR (CLASS D,E)
Filing Date:         09/12/2016

**Charge(s)**

1    DRIVING TO ENDANGER                                  07/27/2016      GRAY
Seq 1232         29-A  2413(1)              Class E
WELSH                             /    CUM

**Docket Events:**

09/12/2016  FILING DOCUMENT - CRIMINAL COMPLAINT FILED ON 09/12/2016

09/12/2016  Charge(s):  1
HEARING - ARRAIGNMENT SCHEDULE OTHER COURT ON 09/14/2016 at 08:30 a.m. in Room No. 1

PORSC
09/14/2016  Charge(s):  1
HEARING - ARRAIGNMENT HELD ON 09/14/2016
MARY  KELLY , JUDGE
DA: ANGELA CANNON
Defendant Present in Court
DEFENDANT INFORMED OF CHARGES.                        FTR1
09/14/2016  Charge(s):  1
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 09/14/2016

09/14/2016  MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 09/14/2016

09/14/2016  MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 09/14/2016
MARY  KELLY , JUDGE
COPY TO PARTIES/COUNSEL
09/14/2016  Party(s):    STEVEN E ROBERTS
ATTORNEY - PARTIALLY INDIGENT ORDERED ON 09/14/2016

Attorney: LAWRENCE WINGER
09/14/2016  HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 11/29/2016 at 08:30 a.m. in Room No. 7

09/14/2016  Charge(s):  1
TRIAL - JURY TRIAL SCHEDULED FOR 01/23/2017 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
11/29/2016  HEARING - DISPOSITIONAL CONFERENCE HELD ON 11/29/2016
ANDREW  HORTON , JUSTICE
Attorney: LAWRENCE WINGER
DA: ANGELA CANNON
CONF HELD, OFFER MADE.                        CASE UNRESOLVED. MOTIONS MAY BE FILED. HEARING
TO BE SET FOR 12-22
MOTION - OTHER MOTION FILED BY DEFENDANT ON 11/29/2016

11/30/2016
> Attorney: LAWRENCE WINGER
> MOTION TO CORRECT DEFENDANT'S DRIVER HISTORY CONVICTION

11/30/2016 MOTION - MOTION FOR FURTHER DISCOVERY FILED BY DEFENDANT ON 11/29/2016

> Attorney: LAWRENCE WINGER

11/30/2016 MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 11/29/2016

> Attorney: LAWRENCE WINGER

11/30/2016 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 12/22/2016 at 01:00 p.m. in Room No. 1

> NOTICE TO PARTIES/COUNSEL

11/30/2016 LETTER - REQUEST FOR PROTECTION FILED ON 11/30/2016

> Attorney: LAWRENCE WINGER
> JANUARY 24, 2017 PRIOR TO 1:00 PM

12/02/2016 LETTER - FROM PARTY FILED ON 12/02/2016

> Attorney: LAWRENCE WINGER
> COUNSEL WITHDRAWING REQUEST IN PARAGRAPH 5 OF MOTION FOR FURTHER DISCOVERY

12/15/2016 MOTION - MOTION TO CONTINUE FILED BY STATE ON 12/15/2016

> STATES UNOPPOSED MOTION TO CONTINUE MOTION TO SUPPRESS AND MOTION FOR DISCOVERY.

12/16/2016 MOTION - MOTION TO CONTINUE GRANTED ON 12/16/2016
> PAUL A FRITZSCHE , JUSTICE
> COPY TO PARTIES/COUNSEL

12/16/2016 HEARING - MOTION TO SUPPRESS STATEMENT CONTINUED ON 12/16/2016
> PAUL A FRITZSCHE , JUSTICE

12/16/2016 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 01/12/2017 at 01:00 p.m. in Room No. 1

> NOTICE TO PARTIES/COUNSEL

12/16/2016 HEARING - MOTION TO SUPPRESS EVIDENCE NOTICE SENT ON 12/16/2016

12/28/2016 LETTER - FROM PARTY FILED ON 12/28/2016

> Attorney: LAWRENCE WINGER
> CHANGE OF ADDRESS FROM ATTORNEY. NEW ADDRESS 75 PEARL STREET SUITE 460 PORTLAND ME.

01/09/2017 Charge(s): 1
> MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 01/09/2017

> NO OBJ BY STATE

01/09/2017 Charge(s): 1
> MOTION - MOTION TO CONTINUE GRANTED ON 01/09/2017
> PAUL A FRITZSCHE , JUSTICE
> COPY TO PARTIES/COUNSEL

01/09/2017 HEARING - MOTION TO SUPPRESS EVIDENCE CONTINUED ON 01/09/2017
> PAUL A FRITZSCHE , JUSTICE

01/09/2017 Charge(s): 1
> HEARING - MOTION TO SUPPRESS SCHEDULED FOR 01/19/2017 at 01:00 p.m. in Room No. 1

> NOTICE TO PARTIES/COUNSEL

01/09/2017 Charge(s): 1

HEARING - MOTION TO SUPPRESS NOTICE SENT ON 01/09/2017

01/17/2017 Charge(s): 1
MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 01/17/2017

Attorney: LAWRENCE WINGER
MOTION TO CONTINUE HEARING ON 1-19.
01/18/2017 Charge(s): 1
MOTION - MOTION TO CONTINUE GRANTED ON 01/18/2017
ROLAND A COLE , JUSTICE
COPY TO PARTIES/COUNSEL
01/18/2017 Charge(s): 1
HEARING - MOTION TO SUPPRESS CONTINUED ON 01/18/2017
ROLAND A COLE , JUSTICE
01/18/2017 Charge(s): 1
TRIAL - JURY TRIAL CONTINUED ON 01/18/2017

01/18/2017 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 02/02/2017 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
01/18/2017 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 01/18/2017

02/06/2017 HEARING - MOTION TO SUPPRESS HELD ON 02/02/2017
JED FRENCH , JUDGE
Attorney: LAWRENCE WINGER
DA: ANGELA CANNON
Defendant Present in Court
HEARING HELD. ARGUMENTS MADE ON THE RECORD. MOTION FOR DISCOVERY GRANTED IN PART. MOTION
TO SUPPRESS UNDER ADVISEMENT. BRIEFS TO BE SUBMITTED BY FRIDAY 2-10-17.
02/06/2017 TRIAL - JURY TRIAL SCHEDULED FOR 03/13/2017 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
02/06/2017 TRIAL - JURY TRIAL NOTICE SENT ON 02/06/2017

02/06/2017 MOTION - OTHER MOTION FILED BY DEFENDANT ON 02/06/2017

MOTION FOR STATE PROVIDED TRANSPORTATION OR STAY OF PROSECUTION. STATE OBJECTS.
02/14/2017 MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 02/06/2017

AND LIMINE.
02/14/2017 OTHER FILING - MEMORANDUM OF LAW FILED ON 02/10/2017

DEFENDANT'S MEMORANDUM RE: SUPPRESSION OF STATEMENTS EMTS.
02/15/2017 OTHER FILING - OTHER DOCUMENT FILED ON 02/10/2017

DA: MATTHEW TICE
STATE'S RESPONSE TO ARGUMENT DEFENDANT IS AFFORDED CONSTITUTIONAL PROTECTION FROM EMTS
02/21/2017 CASE STATUS - CASE FILE LOCATION ON 02/10/2017
JIM PAUL TURCOTTE , ASSISTANT CLERK
CASE WITH JUDGE FRENCH RE: MOTION TO SUPPRESS
02/22/2017 MOTION - OTHER MOTION WITHDRAWN ON 02/21/2017

Attorney: LAWRENCE WINGER
MOTION FOR STATE PROVIDED TRANSPORTATION OR STAY OF PROSECUTION. STATE OBJECTS.
02/22/2017 CASE STATUS - CASE FILE RETURNED ON 02/21/2017

02/22/2017 MOTION - MOTION TO SUPPRESS STATEMENT DENIED ON 02/21/2017

JED FRENCH , JUDGE
COPY TO PARTIES/COUNSEL
02/22/2017 MOTION - MOTION TO SUPPRESS STATEMENT DENIED ON 02/21/2017

JED FRENCH , JUDGE
COPY TO PARTIES/COUNSEL
02/22/2017 ORDER - COURT ORDER FILED ON 02/22/2017

JED FRENCH , JUDGE
ORDER ON DEFENDANT'S SECOND MOTION TO SUPPRESS STATEMENTS AND MOTION IN LIMINE. MOTION
HEREBY DENIED.
02/28/2017 Charge(s): 1
MOTION - MOTION TO RECONSIDER FINDING FILED BY DEFENDANT ON 02/27/2017

03/03/2017 Charge(s): 1
MOTION - MOTION TO RECONSIDER FINDING GRANTED ON 03/02/2017

JED FRENCH , JUDGE
COPY TO PARTIES/COUNSEL
03/03/2017 ORDER - COURT ORDER FILED ON 03/03/2017

DEFENDANT'S MOTION FOR RECONSIDERATION IS GRANTED AND THIS MATTER SHALL BE SET FOR AN
EVIDENTIARY HEARING TO DEVELOP THE FACTUAL RECORD WITH RESPECT TO BOTH DEFENDANT'S
SUPPRESSION MOTION AND DEFENDANT'S MOTION IN LIMINE.
03/06/2017 TRIAL - JURY TRIAL CONTINUED ON 03/06/2017

PAUL A FRITZSCHE , JUSTICE
03/06/2017 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 03/16/2017 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
03/06/2017 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 03/06/2017

03/06/2017 TRIAL - JURY TRIAL SCHEDULED FOR 04/24/2017 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
03/06/2017 TRIAL - JURY TRIAL NOTICE SENT ON 03/06/2017

03/17/2017 HEARING - EVIDENTIARY HEARING HELD ON 03/16/2017

JED FRENCH , JUDGE
Attorney: LAWRENCE WINGER

DA: CARLOS DIAZ

STATE CALLS CHRISTOPHER DEJARDINS, CROSS EXAMINATION. STATE CALLS DEPUTY WELSH, CROSS
EXAMINATION, STATE'S EXHIBITS 1&2 OFFERED AND ADMITTED WITHOUT OBJECTION. DEFENSE CALLS
STEVEN ROBERTS, CROSS EXAMINATION. CLOSING ARGUMENTS. ATTORNEY WINGER TO FOLLOW UP WITH
ANY WRITTEN RESPONSE BY END OF DAY ON 3-17-17.                                    FTR 1
03/17/2017 MOTION - MOTION TO SUPPRESS STATEMENT UNDER ADVISEMENT ON 03/16/2017

JED FRENCH , JUDGE
03/17/2017 CASE STATUS - CASE FILE LOCATION ON 03/16/2017

JUDGE FRENCH'S CHAMBERS
03/17/2017 OTHER FILING - MEMORANDUM OF LAW FILED ON 03/17/2017

Attorney: LAWRENCE WINGER

03/24/2017 ORDER - COURT ORDER FILED ON 03/23/2017

JED FRENCH , JUDGE

DEFENDANT'S SECOND MOTION TO SUPPRESS STATEMENTS AND MOTION IN LIMINE IS DENIED IN ITS ENTIRETY

A True Copy

Attest: _Clerk of Courts_

A TRUE COPY
ATTEST: _____
Clerk